UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH FRANKLIN CROTZ, III©, <br><br> Plaintiff, <br><br> vs. <br><br> EQUIFAX, INC., <br><br> Defendant. | Case No. 1:24-cv-00537-DCN <br><br> **MEMORADUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is pro se Plaintiff Kenneth Crotz's Motion for Default Judgment (Dkt. 10) and Motion to Strike Defendant's Affirmative Defenses (Dkt. 16). Defendant Equifax has filed a Motion to Set Aside Default (Dkt. 12) and Motion for Leave to File Response (Dkt. 14).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES Crotz's Motion for Default Judgment, GRANTS Equifax's Motion to Set Aside, DISMISSES as MOOT Equifax's Motion for Leave to File Response, and DENIES Crotz's Motion to Strike.

## II. BACKGROUND

On November 5, 2024, Crotz filed suit against Equifax. Dkt. 1.

Equifax is a consumer reporting agency regulated under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq ("FCRA"). In his Complaint, Crotz brings claims against Equifax for violations of the FCRA.

On December 17, 2024, Crotz filed a Motion for Clerk's Entry of Default because Equifax had not appeared or otherwise responded to Crotz's Complaint. Dkt. 6.[1] The Clerk entered default on February 7, 2025. Dkt. 8. Crotz then moved for Default Judgment on February 28, 2025. Dkt. 10.

On March 12, 2025, Equifax filed a Motion to Set Aside Default alleging it failed to respond to Crotz's Complaint due to an inadvertent error. Dkt. 12-1. Crotz opposes setting aside the Clerk's Entry of Default. Dkt. 15.

On March 28, 2025, Equifax motioned the Court for leave to respond to Crotz's Motion for Default Judgment alleging it believed Crotz's two requests—Clerk's Default and Default Judgment—were being handled simultaneously. Dkt. 14.

Crotz then filed a Motion to Strike Equifax's Affirmative Defenses. Dkt. 16. Equifax opposes this Motion. Dkt. 19. The matters are now ripe for review.

## III. DISCUSSION

### A. Motion to Set Aside Default (Dkt. 12)

---

[1] Crotz originally filed a Motion for Clerk's Entry of Default and Default Judgment on the same day. Dkts. 5, 6. The Court later explained the process must unfold in two steps: Clerk's Default *followed by* Default Judgment. *See* Dkt. 9.

Under Rule 55(c) of the Federal Rules of Civil Procedure, the "court may set aside an entry of default for good cause." Setting aside an entry of default under Rule 55(c) is "simpler and more straightforward than setting aside a default judgment under Rule 60(b)." *See U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085,1091 n.1 (9th Cir. 2010) ("[I]n the Rule 55 context, there is no interest in the finality of the judgment with which to contend."). In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Id*. at 1091. The Court's discretion is "especially broad" when setting aside entry of default as opposed to default judgment. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 946 (9th Cir. 1986).

In its Motion to Set Aside, Equifax explains that it received notice of this lawsuit on November 25, 2024—during the week of Thanksgiving—and that, due to an administrative oversight, it failed to calendar the correct responsive deadline.

Equifax's explanation may show a minor lack of diligence and attention to detail, but it also clearly shows that its default was not intentional. Additionally, there is no reason to believe setting aside the Clerk's Default would be prejudicial to Crotz because discovery has yet to begin in this case. Finally, Equifax avers it has meritorious defenses it wishes to raise and that setting aside the Clerk's Default will allow the case to be resolved on the merits.

Crotz does not present any compelling opposition to Equifax's request in his opposition brief. His response largely focuses on the underlying claims at issue and how

he should prevail. But as far as whether the Court should set aside the Clerk's Entry of Default, Crotz is largely silent. He simply states the factors are not met—that Equifax's failure was willful, that its failure prejudiced him, and that Equifax has no meritorious defenses. Dkt. 15, at 3. But he does this without any supporting arguments.

In its discretion, the Court finds Equifax has met its burden. This case is still in its infancy. Equifax has presented a valid reason for its failure and the reason was not willful or demonstrably prejudicial. As judges in this district have held, resolution on the merits—as opposed to default—is preferred. *Goodrick v. Anderson*, 2009 WL 4548984, at *3 (D. Idaho Nov. 27, 2009) (explaining why "default would not be proper in this case and that an adjudication on the merits is in the interests of justice being served").

Equifax's Motion to Set Aside is GRANTED. The Clerk's Entry of Default previously entered (Dkt. 8) is set aside. Equifax may file its Answer (Dkt. 12-2) on the docket forthwith.

### B. Motion for Default (Dkt. 10) and Motion for Leave to File Response (Dkt. 14)

As noted, shortly after the Clerk entered Default in this case, Crotz motioned for Default Judgment. Dkt. 10.

Equifax later asked the Court to accept a belated response to Crotz's Motion for Default Judgment because it thought the Motion for Clerk's Entry of Default and the Motion for Default Judgment were proceeding along the same timeline and briefing schedule. Dkt. 14. As noted above, Crotz originally filed the motions together. Dkts. 5, 6. However, the Court explained that the requests needed to be taken up in sequential order. Dkt. 9.

MEMORANDUM DECISION AND ORDER – 4

Nevertheless, insofar as the Court will be setting aside the Clerk's Entry of Default, Crotz's Motion for Default Judgment must necessarily be DENIED. And because of that denial, Equifax need not respond. In sum, Equifax's Motion for Leave to File Response is DISMISSED as MOOT.

### C. Crotz's Motion to Strike (Dkt. 12)

In this Motion, Crotz asks that the Court summarily strike all three of Equifax's Affirmative Defenses. Dkt. 16. Equifax opposes the Motion. Dkt. 19.

To begin, Crotz need not have responded to Equifax's Answer. First, that Answer has not officially been filed yet. Second, an answer is merely a response to a complaint that lays out, among other things, defenses, admissions, and denials as required by Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(b). There is no requirement that a Plaintiff respond to a Defendant's Answer unless the Court so orders. *See* Fed. R. Civ. P. 7(a)(7).

While Federal Rule of Civil Procedure 12(f) allows for Motions to Strike, such motions are heavily disfavored, particularly where—as is the case here—standard affirmative defenses under Federal Rule of Civil Procedure 8 are involved. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (explaining motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation"). Here, it is obvious that Equifax's Affirmative Defenses are related to the current litigation. Equifax' affirmative defenses comply with Federal Rule of Civil Procedure 8 and were appropriately pleaded in this case. At this stage of the litigation, that is all that is required.

Crotz's Motion to Strike is, therefore, DENIED.

## IV. CONCLUSION

Equifax has persuasively explained why it failed to timely appear and respond in this case. Its failure was not willful and setting aside the Clerk's Entry of Default is not prejudicial. Accordingly, the Motion to Set Aside is GRANTED.

In light of this decision, Crotz's Motion for Default Judgment is DENIED and Equifax's Motion to Respond is DISMISSED as MOOT.

Finally, Crotz's Motion to Strike is DENIED.

## V. ORDER

1. Crotz's Motion for Default Judgment (Dkt. 10) is DENIED.
2. Equifax's Motion to Set Aside Clerk's Entry of Default (Dkt. 12) is GRANTED. The Clerk's Entry of Default (Dkt. 8) is SET ASIDE.
3. Equifax shall file its Answer officially on the docketing within three business days of this order.
4. Equifax's Motion to Respond (Dkt. 14) is DISMISSED as MOOT.
5. Crotz's Motion to Strike (Dkt. 16) is DENIED.

DATED: May 13, 2025

David C. Nye
Chief U.S. District Court Judge